**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

TY LITTLE,

    Plaintiff,

     v.          CASE NO. 1:25-CV-456-HAB-ALT

ESSEX GROUP, INC., et al.,

    Defendants.

## OPINION AND ORDER

Plaintiff Ty Little, proceeding *pro se*, filed his initial complaint on August 29, 2025. (ECF No. 1). On February 24, 2026, Little filed his Second Amended Complaint, naming Defendants Administrative Committee of the Retirement Income Plan for Salaried Employees of Essex Group, Inc.; Essex Group, Inc.; Principal Life Insurance Company; and Retirement Income Plan for Salaried Employees of Essex Group, Inc. (ECF No. 62). Principal Life Insurance Company ("Principal") filed a Motion to Dismiss the Second Amended Complaint on March 10, 2026. (ECF No. 63). Defendants Administrative Committee of the Retirement Income Plan for Salaried Employees of Essex Group, Inc.; Essex Group, Inc.; and Retirement Income Plan for Salaried Employees of Essex Group, Inc. (together, the "Essex Defendants") filed a Motion to Dismiss the Second Amended Complaint on the same day. (ECF No. 65). The motions are now fully briefed.

For the reasons explained below, the Court (1) DENIES Principal's Motion to Dismiss (ECF No. 63) and (2) GRANTS in part and DENIES in part the Essex Defendants' Motion to Dismiss (ECF No. 65).

## I.     BACKGROUND

Little is a former employee of Essex Group, Inc. ("Essex") and a vested participant in the Retirement Income Plan for Salaried Employees of Essex Group, Inc. (the "Plan"). (ECF No. 62 at 3). Little initially filed a state-court action in January 2022, in which he sought payment of the same pension benefits sought in this action. *See Little v. Ret. Income Plan for Salaried Emps. of Essex Grp., Inc. et al*, No. 1:22-cv-00088 ("*Little I*"), ECF No. 4. The *Little I* Defendants removed the case to this court in March 2022 on the ground that the state-law claims were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). *Little I*, ECF No. 1. The *Little I* Defendants then moved to dismiss the action for failure to exhaust administrative remedies under the terms of the Plan and in accordance with ERISA's requirements—Little then sought voluntary dismissal of the action, without prejudice, so that he could exhaust the administrative claims and appeals process. *Little I,* ECF Nos. 10, 19. The Court granted the motion. *Little I*, ECF No. 22. Following the dismissal, Little filed a claim and subsequent appeal under the Plan. (ECF No. 1-2 at 12-16). The appeal was denied; a final claim determination was issued on June 12, 2025. *Id.* Little filed the instant case on August 29, 2025, after receiving the final claim determination. (ECF No. 1). Two amended complaints followed.[1]

In his Second Amended Complaint, Little alleges that all Defendants "improperly calculated and limited [his] accrued pension benefit by failing to correctly apply the Plan's formula, credited service provisions, and offset methodology as required under the governing Plan documents and ERISA's anti-cutback protections." (*Id.* at 6). He states that the "action arises under

---

[1] The Essex Defendants filed a motion to dismiss Little's initial complaint on December 12, 2025. (ECF No. 21). Little filed his First Amended Complaint on December 31, 2025. (ECF No. 32). Principal filed a motion to dismiss the First Amended Complaint on January 9, 2026 (ECF No. 36), and the Essex Defendants filed a motion to dismiss the First Amended Complaint on January 14, 2026 (ECF No. 44).[1] Little then filed a motion for leave to file a second amended complaint (ECF No. 58), which the Court granted (ECF No. 61). Little filed his Second Amended Complaint on February 24, 2026 (ECF No. 62).

ERISA, 29 U.S.C. § 1132(a)(1)(B), to recover benefits due under the terms of the Plan, enforce rights under the Plan, and clarify rights to future benefits." *Id.* at 2. While Little cites only 29 U.S.C. § 1132(a)(1)(B)—or ERISA § 502(a)(1)(B)—as the basis for his Second Amended Complaint, the Court notes, as the Essex Defendants point out, that some language in his claim for relief mirrors the language of ERISA § 502(a)(3)[2], and will construe the Second Amended Complaint as alleging a complaint under that section, as well.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any part of it, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When analyzing a motion to dismiss a claim under Rule 12(b)(6), the Court must accept the complaint's factual allegations as true and view them in the light most favorable to the plaintiff. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1006 (7th Cir. 2000). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and the "[f]actual allegations must be enough to raise a right to relief above the speculation level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

---

[2] At the end of his Second Amended Complaint, Little includes "appropriate equitable relief under ERISA" among the relief he seeks. ECF No. 62 at 6.

### III.    DISCUSSION

#### A.    Motion to Dismiss Filed by Principal Life Insurance Company

In its motion to dismiss, Principal argues that it is improperly named as a defendant in the Second Amended Complaint because Little is prohibited by law from bringing suits against entities whose involvement is limited to ministerial duties or processing of claims. (ECF No. 64).

In his Second Amended Complaint, Little alleges that Principal "participated in processing, calculating, and implementing" his pension benefit. (ECF No. 62 at 3). He includes a section labeled "Principal's Role," in which he alleges that Principal calculated his pension benefit, "applied or implemented plan freeze provisions," "applied Social Security offsets in determining Plaintiff's benefit amount," "applied credited service determinations affecting" his benefit, and "acted in coordination with the Plan and/or Administrative Committee in administering and limiting Plaintiff's pension benefit." (*Id.* at 4).  Most crucially, he alleges that Principal exercised discretionary authority and control regarding Plan management and administration in such a way to make it a fiduciary[3] under ERISA or, alternatively, a proper defendant to a claim brought pursuant to § 1132(a)(1)(B) "as an entity controlling administration of benefits in practice." (*Id.* at 5).

Principal is correct in stating that, in the Seventh Circuit, plaintiffs who seek to recover ERISA benefits are generally limited to suing the operative ERISA plan. *See Mote v. Aetna Life Ins. Co.*, 502 F.3d 601, 610 (7th Cir. 2007). However, ERISA suits brought against non-plan entities—such as plan administrators—are proper under some circumstances, such as where the employer and plan are "closely intertwined" or if the plan administrator has "complete control" of

---

[3] Although Little alleges that Principal is a fiduciary under ERISA's definitions section, 29 U.S.C. § 1002(21)(A), as explained in Section II.B.2, Little fails to state a claim for breach of fiduciary duty.

the administration of the plan, *see, e.g., Mein v. Carus Corp.*, 241 F.3d 581, 585 (7th Cir. 2001), or when the plan documents refer to the employer and plan interchangeably, *see, e.g,. Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir. 1997).

Principal argues for the dismissal of the claims against it for two reasons. First, because Plan documents confirm that Principal's role was solely ministerial and administrative, with all discretionary authority retained by the Plan. (ECF No. 64 at 2). And second, because Little's allegations as to Principal are insufficient to state a claim.[4] *Id.*

Principal first argues that "the Plan documents make clear that Principal is not the Plan or the Plan Administrator," and therefore Principal is not a proper party to this suit. (ECF No. 64 at 5). It cites to certain Plan documents as explaining that the Administrative Committee is the Plan Administrator and the entity with authority to administer the Plan, and cites to the contract between Principal and the Plan for evidence that Principal cannot be properly viewed as a fiduciary, as the contract "specifically requires the Plan to retain fiduciary responsibility." (*Id.*)

It is true that a court "may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to his claim" without converting the motion into one for summary judgment. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690

---

[4] Little does not directly address these arguments in his Response. *See* ECF No. 67. As far as the Court can tell, Little's argument that "Defendants' motions focus on alleged procedural deficiencies rather than the merits of [his] claim," and that "any deficiency in the form of Plaintiff's pleadings or the identification of Defendants" are not grounds for dismissal and may instead be corrected through amendment is his response to Principal's argument that it is an improper Defendant. *See id.* at 10. In Reply, Principal argues that Little's failure to respond to the arguments should be read as a concession. (ECF No. 68 at 2). It is true that a failure to respond to an opposing party's arguments can result in waiver, *see Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010), including when the litigant is pro se, *see Candell v. Shiftgig Bullpen Tem. Emp. Agency*, 2019 WL 2173797, at *3 (N.D. Ill. May 20, 2019) (collecting cases). However, Principal's complaints—that Little's Response does not argue that Principal held discretionary authority, does not identify documents or contractual provisions suggesting otherwise, and does not attempt to distinguish any of the cases cited in the brief—misstate Little's responsibility at this stage in the litigation. He must only offer sufficient allegations to support his claim, and does not need to provide additional factual support. While the Court agrees that Little has provided minimal response to Principal's arguments for dismissal, it will still consider the arguments on their merits

(7th Cir. 2012) (internal quotation marks omitted). The contract between the Plan and Principal and the affidavit attached to Principal's motion fail to meet these criteria—while the contract between the Plan and Principal may be related to Little's claim, Principal does not make any argument that it is *central* to his claim, and the Court finds that it is not. The Court will not consider them at this stage.

The Plan documents cited to by Principal, on the other hand, may be considered. They were attached to Little's initial complaint, at ECF No. 1-2 and ECF No. 1-4. The document attached as ECF No. 1-2 was labeled "Supplement," but the page Principal cites—page 13—is part of a letter sent to Little by the Plan Administrator denying Little's claim on appeal. The document attached at ECF No. 1-4 is labeled "Additional Retired Income Plan"—the document itself is titled "Retirement Income Plan for Salaried Employees of Essex Group, Inc." and dated November 6, 2013. While Little attached these to his initial complaint and not the Second Amended Complaint—the operative complaint—the Court finds that they are nonetheless appropriate for consideration. They are undoubtedly central to his claim, and Little did attach them to his initial complaint and makes no argument in his Response brief that they should not be considered.

Principal cites the letter at ECF No. 1-2 as "explaining the Administrative Committee is the entity with authority to administer the plan." (ECF No. 64 at 5). On that page, the letter reads: "Pursuant to Sections 9.3 and 9.7 [of the Plan], the Administrative Committee is responsible for control of the administration of the Plan, with all powers necessary to accomplish that purpose. Under these provisions, the Administrative Committee has the sole power, in its discretion, to construe the Plan and determine all questions that arise under the Plan." (ECF No. 1-2 at 13).

Principal cites pages 9 and 45-46 of the document at ECF No. 1-4 as "explaining the Administrative Committee is the Plan Administrator." (ECF No. 64 at 5). On page 9,[5] "Administrative Committee" is defined as "the Superior Essex Retirement Plan Administrative Committee, which will act to administer the Plan as provided in Article IX. The Administrative Committee will be the plan administrator, as that term is defined in Code Section 414(g), and the administrator, as that term is defined in ERISA Section 3(16)(A)." Pages 45-46, titled "Administration" contains the Plan provisions referred to in the letter attached at 1-2 and explain that the Administrative Committee will fulfill the duties of "Administrator" and will have complete control of the administration of the Plan, "with all powers necessary to enable it properly to carry out its duties as set forth in the Plan and the Trust agreement." (ECF No. 1-4 at 45-46).

It is clear from these exhibits that the Administrative Committee has a large role in Plan Administration—the documents remove any ambiguity as to whether the Administrative Committee is an appropriate defendant to this suit. However, the Court does not agree with Principal that these documents make it clear that *Principal* is an *improper* defendant. The Seventh Circuit has stated that, "[w]hen an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss." *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). The exhibits cited here do not describe Principal's role in administering the Plan. While the cited sections' depiction of the Administrative Committee of having the role of Plan Administrator and having such great control over the Plan might make it less likely that Principal is an appropriate defendant, Principal has pointed to nothing in those documents that "incontrovertibly contradict" Little's allegations. Therefore, in this case, Little's

---

[5] The Court assumes Principal intended to cite to the 9th page of the PDF, not page 9 as marked in the document. The Court assumes the same of pages 45 and 46.

factual allegations in the Second Amended Complaint control. *See Flores Delgado v. City of Chicago*, 547 F. Supp. 3d 824, 831 (7th Cir. 2021) (declining to grant a motion to dismiss where the Court "[could not] definitively find . . . that [a video exhibit] 'incontrovertibly contradict[ed]' Plaintiff's allegations"); *Tobin v. McLeod*, 2023 WL 8236897, at *5 (N.D. Ill Nov. 28, 2023) (declining to accept defendants' allegations related to a petition attached to a motion to dismiss "where the contents of the petition appear to give rise to factual issues. . . . more amenable for summary judgment").

Principal's second argument is that Little's Second Amended Complaint fails to properly allege that Principal is an appropriate defendant. *See* ECF No. 64 at 5-6. It argues that the "allegation that actually matters, that Principal 'exercised discretionary authority and/or control,' is precisely the kind of legal conclusion that *Iqbal* strips of any presumption of truth." (*Id.* at 5). And in its Reply brief, Principal argues: "That the Response cannot identify any factual or legal basis linking Principal to any actionable conduct not only underscores that dismissal is proper, but that it should be entered with prejudice." (ECF No. 68 at 2). The Court disagrees. Case law dictates that a non-plan entity may be sued where it has "complete control" of the administration of the Plan or when it is "closely intertwined with the Plan." S*ee, e.g., Mein*, 241 F.3d at 584, 585. Little alleges that Principal "participated in processing, calculating, and implementing" his pension benefit, "acted in coordination with the Plan and/or Administrative Committee in administering and limiting" his pension benefit and, "[a]t all relevant times, Principal exercised discretionary authority and/or control respecting management or administration of the Plan and/or disposition of Plan assets." (ECF No. 62). This satisfies his obligations at the pleading stage—whether Little will ultimately have sufficient factual support for this characterization of Principal's role in relation to the Plan is a question for a later stage in this litigation.

The Court declines to dismiss Little's claim against Principal.

**B.      Motion to Dismiss filed by the Essex Defendants**

**1.   Little's § 502(a)(1)(B) Claim**

**i.    Failure to State a Claim**

The Essex Defendants first move to dismiss Little's claim under ERISA § 502(a)(1)(B)—his claim for wrongful denial of benefits. Section 502(a)(1)(B) allows plan participants to bring suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

In his Second Amended Complaint, Little alleges that Defendants "improperly calculated and limited [his] accrued pension benefit by failing to correctly apply the Plan's formula, credited service provisions, and offset methodology as required under the governing Plan documents and ERISA's anti-cutback protections." (ECF No. 62 at 6). Defendants argue that this is insufficient to state a claim under § 502(a)(1)(B). While plaintiffs alleging denial of benefit claims "need not necessarily identify the specific language of every plan provision at issue to survive a motion to dismiss under Rule 12(b)(6)," *Griffin v. TeamCare*, 909 F.3d 842, 845 (7th Cir. 2018) (internal quotation marks omittied), they must "provide the court with enough factual information to determine whether the services were indeed covered services under the plan." *LB Surgery Ctr., LLC v. United Parcel Serv. of Am., Inc.*, 2017 WL 5462180, at *2 (N.D. Ill. Nov. 14, 2017) (internal quotation marks omitted).

Little, in his Second Amended Complaint, fails to quote the Plan at all. However, he alleges that he has an "accrued pension benefit," and that Defendants have "fail[ed] to correctly apply the Plan's formula, credited service provisions, and offset methodology." (ECF No. 62 at 6). In his

Response, Little argues that he has stated a valid claim because he has alleged (1) the existence of an ERISA-governed plan, (2) his status as a vested participant, (3) approximately 24 years of credited and continuous service "prior to the January 22, 2004 plan freeze," and (4) a discrepancy between the benefits promised under the Summary Plan Description ("SPD") and those actually paid. (ECF No. 67 at 7). He offers the SPD-provided formula, calculates what he claims he's owed pursuant to that formula, and alleges that Defendants are paying him a "significantly lower [monthly pension] benefit without producing a calculation consistent with the SPD's terms." (*Id.* at 9). He argues that he is "entitled to discovery to determine how Defendants calculated his benefit and why it deviates from the SPD." (*Id.*)

The Essex Defendants argue that Little's Response brief is an impermissible attempt to amend his complaint, as his allegations—his status as a vested participant, his years of service, and the discrepancy—appear nowhere in the Second Amended Complaint. (ECF No. 69 at 3). The Court disagrees. As the Seventh Circuit has explained, "[a] party appealing a Rule 12(b)(6) dismissal may elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). Further, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court believes that the details provided in Little's response are sufficiently consistent with his allegations such that their consideration is appropriate.

The Essex Defendnats argue there is a substantive problem with Little's claim as well— that it is premised on benefits calculations as described in the SPD, as opposed to the Plan. As the Seventh Circuit has explained, it is "the plan itself"—and nothing else, including "mistaken efforts to describe the benefits in writing"—that controls. *Carlson v. DeLuca*, 67 F.4th 871, 875 (7th Cir.

10

2023). And in *CIGNA Corp. v. Amara*—a case Little cites as emphasizing the importance of SPDs—the Supreme Court clarified that SPDS, "important as they are, provide communication with beneficiaries *about* the plan" but "do not themselves constitute the *terms* of the plan for purposes of § 502(a)(1)(B)." 563 U.S. 421, 438 (2011) (emphasis in original). Therefore, even considering the additional factual allegations included in the Response, the Essex Defendants argue that Little's claim must be dismissed for failure to plead any Plan terms that would entitle him to the benefits he seeks. (ECF No. 69 at 3-4).

Considering that a pro se complaint must be held to less stringent standards than formal pleadings drafted by a lawyer, the Court finds that Little has sufficiently alleged a claim for denial of benefits in his Second Amended Complaint. He alleges that he was former long-term employee of Essex Group, Inc., and a vested participant in the Retirement Income Plan for Salaried Employees of Essex Group, Inc. (ECF No. 62 at 3). He also alleges that Defendants "improperly calculated and limited Plaintiff's accrued pension benefit by failing to correctly apply the Plan's formula, credited service provisions, and offset methodology as required under the governing Plan documents and ERISA's anti-cutback protections." (*Id.* at 6). The Court finds that, considering Little's pro se status, this is sufficient to state a claim for denial of benefits. And while the formulas included in the SPD do not constitute Plan terms for purposes of Little's claim, the allegations regarding the SPD included in Little's Response brief do provide the Court—and the Defendants— with additional factual allegations to support his claim.

The Court will not dismiss Little's claim for wrongful denial of benefits under § 502(a)(1)(B).

11

### ii. Essex Group, Inc. as an Improper Party

The Essex Defendants additionally argue that Essex is not a proper party to Little's denial of benefits claim. (ECF No. 66 at 6-7). The Court agrees. As explained above, plaintiffs bringing ERISA suits to recover benefits are generally limited to suing the operative ERISA Plan. Although there are circumstances under which it may be appropriate for a plaintiff to sue a non-plan party to recover benefits—such as when a plan administrator is the entity with discretionary authority to decide benefit claims, *see Mote*, 502 F.3d at 610, or when a plan administrator has complete control over the administration of the plan, *see Mein*, 241 F.3d at 584, Little has not alleged that any of the required circumstances apply in the case of Essex. The only thing Little pleads with respect to Essex is that Essex is his former employer, *see* ECF No. 62 at 3, which is not enough to make Essex a proper party to this claim.

The Court dismisses Little's § 502(a)(1)(B) claim against Essex.

### 2. Little's § 502(a)(3) Claim

Finally, the Essex Defendants argue that the Court should dismiss Little's claim under ERISA § 502(a)(3). The only ERISA section Little cites to in his Second Amended Complaint is § 1132(a)(1)(B)—the statutory provision that matches § 502(a)(1)(B), discussed above. However, as the Essex Defendants note in their Motion, Little seeks "appropriate equitable relief" under ERISA, which mirrors language in Section 502(a)(3). (ECF No. 62 at 7). Additionally, Little alleges that Principal is a "fiduciary." (*Id.* at 5). To the extent that Little does intend to raise a Section 502(a)(3) claim, the Court agrees that dismissal is appropriate.

Section 502(a)(3) is a "catch-all" provision intended to "offer[] appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). Because it is intended to provide relief otherwise not available

under § 502, "if relief is available. . . under subsection (a)(1)(B), then that relief is *un* available under subsection (a)(3)." *Mondry v. Am. Family Mut. Ins. Co.*, 557 F.3d 781, 805 (7th Cir. 2009) (emphasis in original). This is true even at the pleadings stage, when it is unclear whether an alternative claim under § 502(a)(1)(B) will ultimately prove successful. *See W.P. v. Anthem Ins. Cos.*, 2017 WL 605079, at *7 (S.D. Ind. Feb. 15, 2017) (dismissing a claim brought under § 502(a)(3) at the pleadings stage where the plaintiff had also brought a claim under Section 502(a)(1)(B)).

Little's Second Amended Complaint appears to only include facts alleging a denial of benefits claim under § 502(a)(1)(B). The only fact that could potentially relate to a claim brought under § 502(a)(3) is his allegation that Principal is a "fiduciary"—but that alone is not sufficient to allege a claim for fiduciary duty separate from his claim for denial of benefits. Because Little includes no allegations to support a claim under § 502(a)(3) that are distinct from the allegations supporting his claim under § 502(a)(1)(B), the Court dismisses his § 502(a)(3) claim as duplicative. *See Biglands v. Raytheon Emp. Savings and Inv. Plan*, 801 F. Supp. 2d 781, 786 (N.D. Ind. 2011) (granting a motion to dismiss a § 502(a)(3) claim where plaintiff alleged no injury separate and distinct from the claim for benefits); *Erikson v. Ungaretti & Harris–Exclusive Provider Plan,* 2003 WL 22836462, at *3 (N.D. Ill. Nov. 24, 2003) (granting a motion to dismiss a § 502(a)(3) claim that rested "on the exact same basis as [plaintiff's] claims for denial of benefits" under § 502(a)(1)(B)).

## IV.    CONCLUSION

For the reasons explained above, the Court DENIES Defendant Principal Financial Group's Motion to Dismiss the Second Amended Complaint (ECF No. 63). The Court GRANTS in part and DENIES in part the Essex Defendants' Motion to Dismiss the Second Amended

Complaint (ECF No. 65). The Court dismisses Little's claims against Defendant Essex Group, Inc. The Court dismisses Little's claim brought pursuant to ERISA § 502(a)(3). What remains in this lawsuit is Little's claim brought pursuant to § 502(a)(1)(B) as brought against Defendants Retirement Income Plan for Salaried Employees of Essex Group, Inc., the Administrative Committee of the Retirement Income Plan for Salaried Employees of Essex Group, Inc., and Principal Life Insurance Company. Principal's Motion to Dismiss the First Amended Complaint (ECF No. 36) and the Essex Defendants' Motion to Dismiss the First Amended Complaint (ECF NO. 44) are DIMISSED as moot.

**SO ORDERED** this 14th day of July 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

14